An order may be entered accordingly.

<hr />

New York County.—Hon. RASTUS S. RANSOM, Surrogate.—January, 1889.

MATTER OF BABY.

*In the matter of the application for the probate of the will of* Francis R. Baby, *deceased.*

The testator by a will devised certain real estate to his wife, and directed that any liens which should be thereon should be paid out of his resid-

uary estate. After the execution of this will, testator conveyed the real estate through a third party to his wife, and thereafter made a second will, containing no reference whatever to such property, and making other dispositions of the residuary estate than those in the former will. *Held*, that it was the testator's intention to revoke entirely the provisions of the first will concerning such real estate.

Where by a will testator gave certain real property directly to three residuary legatees, and by a subsequent will such property is devised to a trustee to hold the same in trust for four residuary legatees, and to sell such property within two years from the time of testator's death, the subsequent will is a complete revocation of the first as regards such property, and whatever rents and profits may accrue therefrom between the time of the death of the testator and the time when the trustee exercises his power of sale, will go to the devisees, together with proceeds of the sale.

APPLICATION for the probate of a will.

The will upon its presentation for probate was contested by Albert F. Baby, a brother of decedent, upon the ground that a subsequent will which had already been admitted to probate revoked the former one.

ABBOTT BROTHERS, *for* LINDA F. BUTLER, *proponent.*

KNEVALS & PERRY, *for* ALBERT F. BABY, *contestant.*

THE SURROGATE.—The facts upon which this application is made are set forth in the petition and answer, and have been agreed to formally by the parties as follows:

On May 23, 1870, Francis R. Baby made and executed a will, in which he devised his dwelling-house, No. 203 West Fourteenth street, in the city of New York, to his wife, Hilda S. Baby, and also made the following provision concerning the same: "If at my decease there shall be any unpaid taxes, assessments, mortgages or other incumbrances upon or against said property, it is my will and I direct that the same be paid and discharged from my residuary estate hereinafter mentioned." Then he devises ·his residuary

estate to three beneficiaries in equal parts, to wit: his wife, since deceased; his stepdaughter, the petitioner; and his half-brother.

On March 9, 1875, said Francis R. Baby conveyed this Fourteenth street property to his wife, Hilda S. Baby, for nominal consideration and for love and affection through Francis W. G. Bellows, as intermediary, both deeds being duly recorded in the office of the Register of the City and County of New York, March 16, 1875.

Upon this same property there then existed a certain mortgage of $15,000, upon which $5,000 was then due and which was paid and discharged May 25, 1877, as appears by the record thereof.

Hilda S. Baby, the wife of decedent, died in 1882, leaving a last will and testament, which was duly admitted to probate in this court, and in which she appointed her husband, Francis R. Baby, the decedent herein, the executor of her will, and directed the payment to Linda F. Butler, her daughter, the petitioner herein, of the rents and profits arising from said property during her lifetime.

On March 19, 1888, Francis R. Baby died, leaving a last will and testament, duly executed and dated May 5, 1879, which was duly admitted to probate in this court on April 5, 1888. The executor named in such will having deceased, the said Linda F. Butler was appointed administratrix with the will annexed, on her own petition, on April 27, 1888.

Such will, after payment of debts, devises all the rest, residue, and remainder of the estate to his executor therein named, to be divided equally among four

beneficiaries, naming them, to wit: his wife, since deceased; his brother the contestant; his half-brother and his stepdaughter, the petitioner. (See will of May 5, 1870, probated.)

The decedent, Francis R. Baby, died leaving, with personal property, real estate, which has not been sold, and on which there will be rents and profits between the time of his death and the sale of the property.

The probate of the will of May 23, 1870, is opposed by the brother of decedent. The main object and purpose in procuring the probate of this paper seems to be to give effect to the clause therein contained, directing that all taxes, assessments, mortgages or other incumbrances existing against the Fourteenth street property should be paid from decedent's residuary estate. The will of May 5, 1879, contains no provision regarding this property, because, in my opinion, the testator's intention by the conveyance of the said property to his wife in his lifetime was to divest himself of all title thereto or ownership therein. The fact that this property was duly conveyed to his wife subsequent to the date of the will of 1870, coupled with the fact of his failure to refer to it in the most remote way in his will of 1879, undoubtedly indicates that his intention by the conveyance was to revoke entirely the provision of the first will respecting it.

In Vandemark v. Vandemark, 26 Barb. 416, the testator devised to each of his three sons a farm charged with certain payments to his two daughters. He subsequently conveyed one of the farms with the exception of a few acres. Upon his death the probate

of the will was opposed on the ground of revocation. The Surrogate admitted the will to probate, and upon the appeal to the general term HARRIS, J., held upon this point that the sale and conveyance of the principal part of the farm devised to the appellant operated as a revocation, not of the whole will, but of the devise therein, to the extent that the testator had divested himself of the property devised. (See, also, Adams v. Winne, 7 Paige 97; Philson v. Moore, 23 Hun 152; Matter of Dowd, 58 How. Pr. 107.)

In McNaughton v. McNaughton, 34 N. Y. 201, it was held, Justice PORTER writing the opinion, that "when the will took effect by the death of the testator, the farm, which he owned at its date, had ceased to be a portion of his real estate. If there had been a specific devise to the appellant, of the farm, the sale of it by the donor in his lifetime would have operated as a revocation of the gift." (See, also, Barstow v. Goodwin, 2 Bradf. 413.)

The case at bar, is in my judgment, much stronger than those cited; for, in addition to the testator's conveyance of the Fourteenth street real estate, there is a later will disposing of all the testator's property. There is no doubt but that the will of 1879 completely disposes of all the property of the testator, and that such was his intention; and it is unnecessary here to determine what becomes of that part of the residuum bequeathed to his deceased wife by this will.

I come now to the second point raised by the petitioner—that, by the will of 1879, the testator made no disposition of the rents and profits of his real estate

between the date of his death and the sale thereof, while by the will of 1870 such disposition was made.

A comparison and analysis of the clauses referring to this property in the respective wills shows that by the will of 1870 the residuary clause is as follows: "All the rest, residue and remainder of my estate, real, personal and mixed, and wheresoever situate, whereof I may die seized or possessed, or to which I may be entitled at my decease, subject, however, to the execution of the aforesaid provisions of this, my will, as to my residuary estate, I give, devise and bequeath unto my said wife, Hilda S. Baby, my said stepdaughter, Linda F. Baby, and my said half-brother, William O. Caldwell, as tenants in common and not as joint tenants, to be equally divided between them, share and share alike, and to have and to hold the same unto them respectively, their heirs and assigns forever." The will of 1879 contains this provision: "As to the realty of my estate, it is my will that at any time within two years after my decease my said executor and trustee, hereinafter named, do sell the same at such time, in such portions, on such terms and for such price as in his discretion shall best serve the interests of my estate and its beneficiaries, and divide the proceeds of such sale among the four persons heretofore named in equal proportions, share and share alike. And in aid of this provision of my will, I do hereby give to my said executor and trustee full power to sell and convey all and singular my real estate, wherever the same may be situated, at such times (within two years after my death), in such portions, on such terms and for such price as shall in his

discretion carry out best the intent of this my will—giving him further full power to make, execute and deliver any and every instrument necessary to fully protect such sale or sales."

By the will of 1870 the property is given directly and outright to the three residuary legatees named, whilst by the will of 1879 it is devised to a trustee in trust for four residuary legatees to sell within two years' from the time of testator's death. The two provisions are wholly inconsistent; that found in the will of 1879 is completely revocatory of that will of 1870. It would be error to hold that the rents and profits of the real estate devised by the second will are undisposed of for whatever time within two years may elapse before the trustee exercises the power of sale. Whatever rents and profits may accrue in such intervening period of time will go to the devisees with the proceeds of the sale.

The application must be denied.